IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-124 |
| v. | ) | |
| | ) | |
| DAVID ERIC BRICKHOUSE, | ) | |
| JAMES BRIAN JOYNER, and | ) | (REEVES / SHIRLEY) |
| DEBORAH GAYLE THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 1, 2015, for a motion hearing on the Defendants' Second Joint Motion to Continue Trial Date and All Associated Deadlines [Doc. 87], filed on July 3, 2015. Assistant United States Attorney Frank M. Dale, Jr., represented the Government. The following defense counsel appeared on behalf of their clients: Attorney Keith D. Stewart for Defendant David Eric Brickhouse; Attorney John E. Eldridge for Defendant James Brian Joyner; and Attorney Cullen Michael Wojcik for Defendant Deborah Gayle Thomas. The Defendants were not required to attend this hearing.

The Defendants ask the Court to continue the October 6 trial of this case, as well as all other deadlines, for the following reasons: (1) This case involves voluminous discovery and new discovery was received on July 1, 2015; (2) investigatory and document management services are in progress and will not be completed in time for sufficient use at trial; (3) the number of potential fact witnesses is huge; and (4) the Government states that it plans to bring a

1

superseding indictment. For these reasons, the Defendants state that defense counsel cannot complete the work necessary to prepare for trial by October 6. The Defendants note that the Court has already declared [Doc. 46] this case to be complex for speedy trial purposes. The Government responds [Doc. 105] that it does not oppose the requested continuance.

At the September 1 hearing, defense counsel agreed that the amount of discovery, the number of potential witnesses (including expert witnesses), and the need to litigate pretrial motions necessitated a continuance in this case. The Court observed that the Defendants have filed five additional pretrial motions. Attorney Stewart stated that the Defendants had two additional pretrial motions that they wanted to file. Although the Court suggested that the litigation of pretrial motions—one of which is a dispositive motion—would shift the trial date to February or March, the Defendants argued that continuing the trial to June 2016 was necessary to allow counsel to prepare for trial. First, defense counsel observed that the parties estimate that the trial will take three weeks. Mr. Eldridge noted that numerous conflicts for various counsel required a trial in June. Second, all three defense counsel noted that they are having difficulty locating expert witnesses whom the Defendants can afford. Third, Mr. Eldridge stated that, while defense counsel were previously dividing trial preparation tasks among counsel for nine Defendants, now six codefendants had entered into plea agreements. Thus, the work must now be divided among counsel for three codefendants, causing the remaining counsel to need more time to prepare for trial. The parties agreed on a new trial date of June 14, 2015.

The Court finds the Defendants' motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that the litigation of pretrial motions requires a trial continuance in this case. The Defendants have filed

2

five motions,[1] some of which present novel legal issues, and they plan to file two more. 18 U.S.C. § 3161(h)(1)(D) (excluding delay from the filing of a motion to its prompt disposition). The Court has scheduled a motion hearing on all pending pretrial motions for November 4, 2015. Following this hearing, the Court will need time to prepare a report and recommendation on the motions to dismiss the indictment and to prepare rulings on the other motions. 18 U.S.C. § 3161(h)(1)(H) (excluding up to thirty days during which the court has a motion under advisement); see also § 3161(h)(7)(B)(ii) (providing that in complex cases, involving novel legal issues, it may be unreasonable to expect proceedings to occur within the normal time limits of the Speedy Trial Act). After the filing of the report and recommendation, the parties will need time to file any objections and responses to objections. Then, the District Judge will need time to rule on the dispositive motions (or on any appeals of non-dispositive rulings) in light of the report and the parties' objections. 18 U.S.C. § 3161(h)(1)(H). Thus, the litigation of pretrial motions, not relating to expert witnesses, cannot be concluded before the October 6 trial date or in less than four months.

Additionally, the Court finds that the Defendants need time to locate expert witnesses. The Government has timely disclosed its intended expert witnesses. Defense counsel report that they have had difficulty finding expert witnesses whom the Defendants can afford. The Court has extended the deadline for disclosing defense experts to January 8, 2016. The

---

[1] The Court observes that the Defendant's Joint Motion to Dismiss Based Upon the Unconstitutional Vagueness of the Statute as Applied to Medical Practitioners Prescribing Controlled Substances [Doc. 62] also remains pending, although it was argued at the May 12, 2015 motion hearing. The Defendants state that their Joint Motion to Dismiss the Indictment as Unconstitutional Pursuant to *Gonzales v. Oregon* and Other Authorities [Doc. 88], "raises some of the same issues presented by th[e] previously filed motion but includes additional authorities and raises additional grounds[.]" [Doc. 88, p.1 n.1] The Court will consider these two motions together.

3

Government may file any motions challenging defense experts on or before January 22, 2016. The Defendants may respond to motions challenging expert witnesses by February 4, 2016. The Court has scheduled a motion hearing on any motions challenging expert witnesses on February 11, 2015, at 9:30 a.m. The Court will then need time to rule on these motions. Accordingly, the Court finds that it would be a miscarriage of justice to require the Defendants to proceed to trial on October 6, without sufficient time to retain experts or to make any challenges to the opposing experts. 18 U.S.C. § 3161(h)(7)(B)(i).

Finally, the Court finds that counsel for the Defendants need additional time to prepare for trial, even taking into account their use of due diligence. The discovery in this case is voluminous, the number of potential witnesses is high (estimates exceeding 1,000 witnesses have been cited to the Court in prior filings), and investigatory and document management services are still ongoing. Thus, defense counsel need additional time to prepare this case for trial after the litigation of pretrial motions in order to provide effective representation. 18 U.S.C. § 3161(h)(7)(B)(iv). Moreover, the parties have estimated that the trial will take three weeks. Without a continuance to June 2016, the Defendants will have problems maintaining the continuity of counsel. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Balanced against all of these reasons, the Court must weigh the public's interest in a speedy trial. The Court has already continued the trial of this case ten months to October 6 and is being asked to continue it another eight months to June 2016. Although this is a lengthy continuance, the Court finds that the novel legal issues raised in pretrial motions and the extensive time necessary to prepare for trial, given the volume of discovery and the large number of potential witnesses, justifies the requested continuance and outweighs the best interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Accordingly, the Defendants' Second Joint Motion to Continue Trial Date and All Associated Deadlines [**Doc. 87**] is **GRANTED**. The trial of this case is **CONTINUED** to **June 14, 2016**. The Court also finds that all the time between the filing of the motion on **July 3, 2015**, and the new trial date is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to other scheduling in this case, the parties agreed to a new schedule, which is set out below.

Accordingly, it is **ORDERED**:

(1) The Defendants' Second Joint Motion to Continue Trial Date and All Associated Deadlines [**Doc. 87**] is **GRANTED**;

(2) The trial of this case is reset to **June 14, 2016, at 9:00 a.m.,** before the Honorable Pamela L. Reeves, United States District Judge. The parties estimate that the trial of this case will take *three weeks*;

(3) All time between the filing of the motion to continue on **July 3, 2015**, and the new trial date of **June 14, 2016**, is fully excludable time under the Speedy Trial Act for the reasons stated herein;

(4) The Defendants may file up to two additional pretrial motions by **October 1, 2015**;

(5) Responses to these pretrial motions are due on or before **October 15, 2015**;

(6) The parties shall appear before the undersigned for a motion hearing on **November 4, 2015, at 9:30 a.m.**;

(7) The Defendants shall file any motions challenging the Government's experts on or before **December 8, 2015**;

(8) The Government shall respond to motions challenging its experts by **January 6, 2016**;

(9) The Defendants shall disclose defense experts, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), on or before **January 8, 2016**;

5

(10) The Government shall file any motions challenging the Defendants' experts by **January 22, 2016**;

(11) Responses to the Government's motions challenging defense experts are due on **February 4, 2016**;

(12) The parties are to appear before the undersigned for a motion hearing on all motions challenging experts on **February 11, 2016, at 9:30 a.m.**;

(13) Reciprocal discovery is due on **March 14, 2016**;

(14) The deadline for concluding plea negotiations is **May 13, 2016**;

(15) Motions *in limine* are due on or before **May 30, 2016**;

(16) The Court will hold a final pretrial conference on **June 1, 2016, at 9:30 a.m.**; and

(17) Special requests for jury instructions must be submitted to the District Judge on or before **June 3, 2016**, and must be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge